UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:22 cr 40 WFS- SPF
                                                46 U.S.C. § 70503(a)
NELSON SAMUEL REYES QUINONEZ,                   46 U.S.C. § 70506(a) and (b)
WILSER MARQUINEZ ARAUJO, and
LUIS CARLOS QUINONES ARROYO

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning on an unknown date and continuing through and including

on or about January 12, 2022, in the Middle District of Florida, and elsewhere, the

defendants,

NELSON SAMUEL REYES QUINONEZ,
WILSER MARQUINEZ ARAUJO, and
LUIS CARLOS QUINONES ARROYO,

did knowingly and intentionally conspire with other persons, both known and

unknown to the Grand Jury, to possess with intent to distribute a controlled

substance, which violation involved five (5) kilograms or more of a mixture and

substance containing a detectable amount of cocaine, a Schedule II controlled

substance, while upon the high seas on board a vessel subject to the jurisdiction of

the United States, and is therefore punished under 46 U.S.C. §§ 70503(a) and

70506(a) and (b).

All in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO

Beginning on an unknown date and continuing through and including on or about January 12, 2022, in the Middle District of Florida, and elsewhere, the defendants,

**NELSON SAMUEL REYES QUINONEZ,**
**WILSER MARQUINEZ ARAUJO, and**
**LUIS CARLOS QUINONES ARROYO,**

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, while upon the high seas on board a vessel subject to the jurisdiction of the United States, and is therefore punished under 46 U.S.C. §§ 70503(a) and 70506(a).

All in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2.

## FORFEITURE

1.    The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging

forfeitures pursuant to the provisions of 21 U.S.C. §§ 853 and 881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c).

2.    Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 46 U.S.C. § 70503, the defendants,

NELSON SAMUEL REYES QUINONEZ,
WILSER MARQUINEZ ARAUJO, and
LUIS CARLOS QUINONES ARROYO,

shall forfeit to the United States, pursuant to 46 U.S.C. § 70507, 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c), any and all property described in 21 U.S.C. § 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3.    Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 21 U.S.C. § 960, the defendants,

NELSON SAMUEL REYES QUINONEZ,
WILSER MARQUINEZ ARAUJO, and
LUIS CARLOS QUINONES ARROYO,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with a third party;

3

     c.     has been placed beyond the jurisdiction of the Court;

     d.     has been substantially diminished in value; or,

     e.     has been commingled with other property, which cannot be

          divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property

under the provision of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C.

§ 2461(c).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____

Lauren N. Stoia
Assistant United States Attorney

By: _____

Joseph K. Ruddy
Assistant United States Attorney
Chief, Transnational Organized Crime Section

4

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

NELSON SAMUEL REYES QUINONEZ,
WILSER MARQUINEZ ARAUJO, and
LUIS CARLOS QUINONEZ ARROYO

## INDICTMENT

Violations: 46 U.S.C. §§ 70503(a) and 70506(a) & 70506(b)

A true bill,

████████████████

Foreperson

Filed in open court this 27 day of January 2022.

_____

Clerk

Bail $_____